IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**OSVALDO RODRIGUEZ CASIANO**,
    Petitioner,

v.

**CIVIL NO. 07-1029(CCC)**
**Related No. 01-685(CCC)**

**UNITED STATES OF AMERICA,**
    Respondent.

## OPINION & ORDER

Before the Court is Petitioner Osvaldo Rodríguez-Casiano's (hereinafter "Petitioner" or "Rodríguez") 28 U.S.C. Section 2255 Motion (docket entry 1).  Petitioner, a prisoner appearing <u>pro se</u>, also filed a supporting brief (docket entry 1), a Motion for Leave to Invoke Discovery (docket entry 3) and a Motion for Expansion of Record (docket entry 4)[1]. Respondent filed a Response to the Petition (docket entry 10), to which Petitioner then replied (docket entry 15).  For the reasons discussed below, the Court finds that the Petition must be DENIED.

I. BACKGROUND

On September 14, 2001, a criminal complaint was filed against Petitioner Rodríguez and five (5) other co-defendants (Crim. docket entry 1).[2]  On October 18, 2001, a Federal Grand Jury returned a six (6) count Indictment against Rodríguez as well as five (5) other co-

---

[1] Docket entries 3 & 4 were denied by the Court. <u>See</u> docket entries 11 and 12.

[2] Hereinafter, references to the docket of the criminal case will be identified as "Crim. docket entry ___."

CIVIL 07-1029CCC                              2

defendants.[3] Petitioner was charged in all six (6) counts (Crim. docket entry 20).

Count One of the Indictment charged the Petitioner, along with other co defendants, with a conspiracy to violate the Hobbs Act, 18 U.S.C. 1951(a). Count Two of the Indictment charged the Petitioner, along with other co-defendants, with aiding and abetting each other having knowingly possessed, used or carried firearms in relation to a federal crime of violence[4] in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Count Three of the Indictment solely charges Petitioner with a violation of the Hobbs Act, 18 U.S.C. § 1951(a) and (2). Count Four of the Indictment solely charges Petitioner with unlawful possession of a firearm in relation to a federal crime of violence,[5] in violation of 18 U.S.C. § 924 (c)(1)(A)(ii) and (2). Count Five of the Indictment charges Petitioner, along with other co-defendants, with aiding and abetting each other to violate the Hobbs Act in violation of 18 U.S.C. §§ 1951(a) and 2. Count Six of the Indictment charges Petitioner, along with other co-defendants, with aiding and abetting each other in the use of a firearm in relation to the commission of a federal offense[6] in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. See Crim. docket entry 20.

On October 3, 2002, the jury trial against Rodríguez and co-defendant Pedro Bonilla-Ortiz commenced (Crim. docket entry 129).[7] On October 16, 2002, Rodríguez was found guilty as to all six (6) counts of the Indictment in which he was charged (Crim. docket entry 144-149).[8] Sentencing for Petitioner was set for February 18, 2003 (Crim. docket entry 135). On February 18, 2003, Petitioner filed a motion to continue the scheduled sentencing hearing,

---

[3] Petitioner was defendant number two.

[4] i.e. violating the Hobbs Act

[5] i.e. violating the Hoobs Act

[6] i.e. violating the Hobbs Act

[7] The other four (4) co-defendants had previously plead guilty.

[8] Co-defendant Bonilla-Ortiz was found guilty as well.

CIVIL 07-1029CCC                                3

which was granted by the Court thereby rescheduling the hearing for April 3, 2003 (Crim. docket entries 180 & 183).  On April 3, 2003, the Court called the case for sentencing yet the same was not held due to conflict between Rodríguez and his then attorney.  The Court allowed for the withdrawal of Petitioner's counsel and proceeded to appoint a new attorney to represent Petitioner during sentencing .  The Sentencing Hearing was again re-scheduled (Crim. docket entry 194) but as the newly appointed counsel was also allowed to withdraw as attorney for Rodríguez (Crim. docket entry 201), on May 22, 2003 the Court appointed counsel Jorge Maldonado-Ríos to represent Petitioner during the sentencing phase of the case (Crim. docket entry 203).  The sentencing hearing was then rescheduled for July 10, 2003 (Crim. docket entry 206), but on that same date the Court granted Petitioner's motion to continue the sentencing hearing and re-set the same for August 21, 2003 (Crim. docket entry 211).  On August 21, 2003, however, Petitioner filed another motion requesting the continuance of the scheduled sentencing hearing, which the Court again granted, and re-scheduled the sentencing hearing for September 18, 2003 (Crim. docket entries 222 & 223). On September 16, 2003, Petitioner's counsel filed a motion requesting he be allowed to withdraw as attorney for Rodríguez (Crim. docket entry 226).  On September 18, 2003, Rodriguez' case was called by the Court for sentencing.  At that time the Court heard the argument presented by then Petitioner's counsel, Jorge Maldonado-Ríos, and allowed him to withdraw as Court-appointed attorney for Petitioner.  The Court further ordered Rodríguez to retain counsel to represent him or to inform whether he would represent himself during the sentencing hearing, and re-scheduled the same for October 21, 2003 (Crim. docket entry 227).

On October 21, 2003, Rodríguez was sentenced by the Court (Crim. docket entry 233) to a total term of imprisonment of seven hundred and forty one (741) months divided as follows: fifty seven (57) months each as to Counts One, Three and Five of the Indictment, the same to be served concurrently with each other, and to terms of imprisonment of eighty four

CIVIL 07-1029CCC                                    4

(84) months as to Count Two of the Indictment and twenty five (25) years as to each of Counts Four and Six to be served consecutively to each other and to the terms of imprisonment imposed as to Counts One, Three and Five. Rodríguez was also sentenced to supervised release terms of three (3) years as to each of the counts, to be served concurrently with each other; and a special monetary assessment of $100.00 per count for a total of $600.00 (Crim. docket entry 234). Judgment was entered on October 27, 2003 (Crim. docket entry 234), later amended but without altering the terms outlined above on November 14, 2003 (Crim. docket entry 239).

On December 3, 2003, Petitioner filed a Notice of Appeal (Crim. docket entry 240) and on October 4, 2005, Rodríguez' conviction was affirmed on appeal. United States v. Rodríguez-Casiano, 425 F.3d 12 (1st Cir. 2005). Therefore, Petitioner's conviction became final on January 4, 2006. On January 12, 2007, Rodríguez filed his 28 U.S.C. § 2255 Motion to Correct or Set Aside Sentence (docket entry 1).[9]

II. DISCUSSION

In his Petition under 28, U.S.C. § 2255, Petitioner raises various claims of ineffective assistance of counsel. He makes said claims against both trial and appellate counsels. Petitioner raises the following laundry list of ineffective assistance of counsel claims:

    1.    Trial counsel was ineffective for failing to raise during the course of the trial violations of 18 U.S.C. § 201(c)(2) by the government.

    2.    Trial counsel was ineffective for his failure to use as a witness for the defense a voice expert to identify the voices on recordings that were presented as evidence by the government.

---

[9] The Motion, although filed January 12, 2007, is dated December 26, 2006. As the Court cannot determine the timeliness of its filing pursuant to the prison mailbox rule, it will deem it to have been timely filed.

    3.     Trial counsel was ineffective for failing to object as hearsay under Federal Rule of Evidence 801(d)(2)(E) the testimony of Victor Manuel Torres-Torres.

    4.     Trial counsel was ineffective for his failure to object to the jury instruction given by the Court as to 18 U.S.C. § 921.

    5.     Counsel was ineffective for his failure to raise claims that the government had violated the requirements of <u>United States v. Jencks</u>, 353 U.S. 657 (1957).

    6.     The Court violated Petitioner's right to counsel at sentencing.

    7.     Petitioner asserts a claim of actual innocence.

    8.     Ineffective assistance of appellate counsel for his failure to raise on appeal arguments relating to sufficiency of the evidence as to violations of 18 U.S.C. §§ 921 & 924.

A. 28 U.S.C. § 2255 standards and exhaustion requirements.

28 U.S.C. § 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

    1.     the sentence was imposed in violation of the Constitution or laws of the United States,

    2.     the court was without jurisdiction to impose the sentence,

    3.     the sentence was in excess of the maximum authorized by law  or

    4.     the sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to § 2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a § 2255 motion is not a substitute for an appeal. Therefore,

the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent § 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a § 2255 motion.

B.   Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1.   His attorney's performance was deficient, and
2.   The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

It is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted

from it. Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore, the Supreme Court has stated that "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Petitioner has failed to do so in this case. Mere assertions of ineffective assistance of counsel citing a hodgepodge of allegations without actual reference to the record are meritless and insufficient. The Court will address each claim individually in order to avoid any confusion in its analysis.

1. Trial counsel was ineffective for failing to raise, during the course of the trial, violations to 18 U.S.C. § 201(c)(2) by the government.

During the course of the trial the government relied on the testimony of Victor Manuel Torres-Torres. This witness was a government informant which came forward and told the local and federal authorities information he had heard as to a plan to rob certain businessmen. (Trial Transcript (T. Tr.) 10/7/02, pp. 141-142, 151). Once the information provided by Torres-Torres was deemed credible by the federal authorities he was asked to record certain conversation between himself, Petitioner Rodríguez and co-defendant Pedro Bonilla Ortiz. (T.Tr. 10/8/02,pp.28-29, 31, 34-35; 10/9/02, p.54.) The recordings were made from September 7, 2001 through September 13, 2001. (T.Tr. 10/8/02, p. 35). During the course of these taped conversations, Petitioner Rodríguez and co-defendant Bonilla-Ortiz

CIVIL 07-1029CCC                                                    8

admitted to their participation in the robberies of Ferrretería Guayabla and Mr. Rivera-López' residence.[10] (T.Tr. 10/8/02, pp.31,34; 10/9/02,pp.66-67, 70-71; 10/11/02, pp.7-9, 12-13, 16-17, 27-28, 41, 45-47, 50-52; 10/15/02, pp. 6,7,13,41.)

Petitioner refers to witness Torres-Torres as a co-defendant whom the Federal Bureau of Investigations paid to testify against Rodríguez and his co-defendant. A review of the trial transcript clearly demonstrates that Torres-Torres was a cooperating witness who received payment for his services to the Federal Bureau of Investigations (F.B.I.) as well as an amount of money for certain expenses.[11] The government, through the testimony of agent José F. Guillan, informed the jury that Torres-Torres was paid for his services. Agent Guillan testified that he paid Torres-Torres the sum of five thousand dollars ($5,000.00) at the end of September or beginning of October 2001. He further testified that this payment was made after Torres-Torres had finished recording his conversations with Rodríguez and other co-defendants. (T.Tr. 10/8/02, p. 36). It is precisely this payment which Petitioner alleges is a violation of 18 U.S.C. § 201(c)(2), which in its pertinent part states:

> Whoever--directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer, authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom.

Petitioner's use of § 201(c)(2) in making a claim that the government bribed Torres-Torres to testify against him is mistaken. The payment made by the F.B.I. to Torres-Torres in no way constitutes a form of bribery nor is it a violation of Petitioner's due process. The Supreme Court has been very clear in stating that the use of testimony from witnesses who

---

[10] These were the acts for which Petitioner was indicted on.

[11] Specifically, Torres-Torres received between $30 and $40 dollars to cover gasoline he used while traveling to the offices of the F.B.I. and other meeting places. (T.Tr. 10/9/02, pp. 59-60).

Case 3:07-cv-01029-CCC   Document 18   Filed 07/28/09   Page 9 of 18

receive leniency and money from the government for their cooperation does not constitute a per se violation of a defendant's due process rights. Hoffa v. United States, 385 U.S. 293 (1996). Courts have consistently ruled that the payment of cooperating witnesses or informants in no way constitute bribery and are not violations of defendants' due process rights. United States v. Anty, 203 F.3d 305(4th Cir. 2000).

Furthermore, in United States v. Cuellar, 96 F.3d 1179 (9th Cir. 1996), the Court stated that a plain language reading of § 201(c)(2) would be absurd because it would conflict with statutory schemes designed to reward cooperating witnesses. It further stated that a review of the legislative history of the section did not indicate that there was an intent for the action to apply to the government.

Trial counsel can not be deemed ineffective for not having argued what would have been a meritless allegation of bribery. The failure to raise meritless claims does not constitute ineffective assistance of counsel. Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990).

It should also be noted that Petitioner claims the government incurred in prosecutorial misconduct for having withheld the payments made to Torres-Torres from the jury. A review of the trial transcript, part of which has been previously cited, clearly indicates that this assertion is untrue. The government, through the testimony of both agent Guillen and Torres-Torres, provided the jury with information on the payments made.

Having established that Petitioner's first claim of ineffective assistance of counsel - the violations of 18 U.S.C. § 201(c)(2), is meritless, the same is hereby DENIED.

2. Trial counsel was ineffective for his failure to use as a witness for the defense a voice expert to identify the voices on recordings that were presented as evidence.

Petitioner argues that his trial counsel was ineffective in not calling as a witness a forensic voice expert. The use of an expert witness is generally considered within the realm of counsel's discretion of trial strategy. It is purely a trial strategy decision which counsel must

CIVIL 07-1029CCC                              10

make upon review of the evidence against a defendant. A review of the record in this case indicates that trial counsel was given the recordings in advance of trial for his review and analysis. United States v. Nersesian, 824 F.2d 1294, 1321 (2nd Cir. 1987). The record further indicates that along with the recordings there was other evidence which supported the government's allegations against Rodríguez.

In his brief, Petitioner fails to enlighten the Court as to how a voice expert would have helped his case or how the testimony of such an expert would have influenced the outcome of the trial. Rodríguez is merely making an allegation of ineffectiveness without providing the necessary arguments to support it and, as such, he has failed to meet the first prong of the Strickland test and his second allegation of ineffective assistance of counsel is, therefore, DENIED.


3. Trial counsel was ineffective for failing to object to the testimony of Victor Torres Torres as hearsay evidence under Federal Rule of Evidence 801(d)(20(E).

Petitioner contends that his trial counsel was ineffective for failing to challenge under Federal Rule of Evidence 801(d)(2)(E) the testimony at trial of Victor Torres-Torres. Petitioner is under the impression that Torres Torres was a co-conspirator and that his testimony was inadmissable hearsay evidence. Rodríguez further contends or implies that his conviction is based solely on one piece of evidence, that is, the testimony of Torres Torres. These assumptions are contrary to the record.

In addition to the testimony of Torres-Torres, the government presented a series of recorded conversations between Torres-Torres, the Petitioner and other co-defendants. In these conversations, Petitioner himself admits to his participation in the offenses with which he is charged. Moreover, the government presented at trial the testimony of several of the victims of the robberies, and that of local police officers who investigated the crime. The government also presented physical evidence that linked Petitioner to the crime, such as bolt

CIVIL 07-1029CCC                                11

cutters that were found in Rodríguez' car. (T.Tr. 10/8/02, p.33).

It is a fact that at trial the government used at great length the testimony of Torres-Torres, who was not a co-conspirator but a cooperating witness and informant. (T.Tr. 10/8/02, pp. 27-28). The testimony of a witness or a co-conspirator regarding his own involvement with a defendant is not hearsay. United States v. Malpica-García, 489 F.3d 393 (1st Cir. 2007). To the extent that Torres-Torres testified about statements made by Rodriguez to him, these were admissible under Rule 801(d)(2)(E). Said rule does not have a requirement that the statement in question "be made by a co-conspirator to a co-conspirator." United States v. Mealy, 851 F.2d 890 (7th Cir. 1988). In Mealy, the Seventh Circuit stated that "the fact that one party to a conversation is a government informant does not preclude the admission of the conspirator's statements under Rule 801 (d)(2)E)." Mealy, 851 F.2d at 901. The Court went on to state in United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir. 1993), that when deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on whether the statements were made by a member of the conspiracy, and not on whether the statements were made to a member of the conspiracy. Clearly that is the case at hand, as the statements were in fact made by Rodríguez, a defendant member of a conspiracy to cooperating witness/informant Torres-Torres.

Furthermore, taped conversations between a co-conspirator and a cooperating witness or government informant are admissible under Rule 801(d)(2)(E). United States v. López Gutiérrez, 83 F.3d 1235, 1241 (10th Cir. 1996).

Although Torres-Torres's testimony did not contain inadmissable hearsay evidence, Rodríguez had to demonstrate that in addition to it being inadmissable he was prejudiced by said admissions. Such is not the case. The record clearly reflects an abundance of evidence against Petitioner. A review of such evidence leads to the conclusion that no reasonable jury would have rendered a different verdict.

Petitioner has failed to meet either prong of the Strickland test as to his third allegation of ineffective assistance of counsel and the same is, therefore, DENIED.

4. Trial counsel was ineffective for his failure to object to the jury instruction given by the Court as to 18 U.S.C. § 921.

Rodríguez alleges that counsel failed to object to the "wrong jury instruction given by the court, and failed to request a charge pursuant to 18 United States Code, Section 921." (Petitioner's Memorandum, pp.18 and 21). A review of the record indicates that after the jury was sworn in, but prior to the start of trial, the court read preliminary instructions to the jury. When the Court had finished this task, the government requested a correction of the instructions read. The government informed the Court that at some point it should correct the record as to the elements of the offense of the conspiracy that was charged. The government reminded the Court that the conspiracy in question was a statutory one and that it therefore did not have to prove any overt acts. The Court informed that it had realized that while providing the instructions and that "that is why I cut it short." (T.Tr. 10/7/02, pp.27-28).

The instructions given by the Court at the beginning of trial are not considered the formal jury charge. These are merely preliminary instructions given prior to the presentation of the evidence. In any event, Petitioner's trial counsel had no grounds to place an objection, specially since the court placed a greater burden of proof on the government by providing that preliminary instruction on the conspiracy charged.

Thus, Petitioner has failed to meet either prong of the Strickland test on his fourth allegation of ineffective assistance of counsel and the same is also DENIED.

5. Counsel was ineffective for his failure to raise claims that the government had violated the requirements of United States v. Jencks, 353, U.S. 657 (1957).

The Jencks acts was enacted as a result of the Supreme Court's holding in Jencks v.

CIVIL 07-1029CCC                              13

United States, 353 U.S. 657 (1957). To ensure the meaningful confrontation of government witnesses, the Act requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witness signed, adopted, or approved, and which pertain to their testimony at trial.

Claims alleging violations of the Jencks Act and of related discovery orders are cognizable under a Section 2255 petition. United States v. Barrett, 178 F.3d 74, (1st Cir. 1999). However, in the instant case this ground for relief is meritless and factually wrong. Pages one (1) through eleven (11) of the attachments to the docket entry 10 clearly demonstrate that the government complied with all its discovery obligations including those under the Jenck's Act. The record is void of any violations of the Jencks Act. Therefore, counsel did not act in an ineffective manner. Petitioner, again, has failed to meet either prong of the Strickland test and his fifth allegation of ineffective assistance of counsel is similarly DENIED.


6. The Court violated Petitioner's right to counsel at sentencing.

Petitioner alleges that the Court deprived him of his right to counsel at sentencing, without his express consent. A review of the record indicates otherwise.

Rodríguez had not only abused the lawyers which he had been assigned; he had done so in such a fashion that when he was finally sentenced he had no choice but to represent himself. At his original sentencing hearing, held on April 3, 2003, his counsel Jorge Carmona-Rodríguez informed the Court that he wished to be relieved from representing Petitioner. He stated to the Court that Rodríguez accused him of conspiring with the government to convict him, abused him both physically and verbally and threatened him. (Sentencing Transcript 3/3/03 at pag.3). Carmona went on to inform the Court that he had tried to visit Petitioner earlier on that day to discuss the Pre-Sentence Report, and that Rodríguez became violent and started to hit the wall. (Sentencing Transcript 3/3/03 at page

4).  The Court then proceeded to relieve attorney Carmona of his duties and informed Petitioner that he was appointing him new counsel.(Sentencing transcript at page 5).  The Court further warned Petitioner that he had to cooperate with his new attorney and he had to be respectful towards him.  The sentencing was postponed.

Although the Court appointed Olga Shepard as Petitioner's new counsel, she immediately filed a special appearance requesting leave to withdraw as counsel for Rodríguez claiming that she would not be able to adequately represent Petitioner at sentencing (Crim. docket entry 197).  On May 15, 2003, the Court allowed the withdrawal of attorney Shepard. (Cri. D.E. 201).

On June 13, 2003, attorney Jorge Maldonado Ríos was appointed as new counsel for Petitioner.  On September 16, 2003, attorney Maldonado filed a motion informing all that he had done in preparation for sentencing (Crim. docket entry 226).[12]  However, while visiting Petitioner at the Metropolitan Detention Center on September 14, 2003 in an attempt to discuss his case, Rodríguez was disrespectful, rude and threatened him.  Therefore, counsel Maldonado also requested to be relieved as Petitioner's counsel.  The Court granted the motion to withdraw on September 18, 2003, and allowed Rodriguez thirty (30) days to retain counsel or represent himself at the sentencing hearing which was reset for October 21, 2003. (Crim. docket entry 227).

The sentencing hearing was finally held on October 21, 2003.  At that time, Rodríguez appeared without counsel.  The record reflects that Petitioner's attitude towards the Court was despondent and challenging.  When asked if he would be representing himself, he answered to the Court "well, you are the boss" (Sentencing Transcript 10/21/03, pag 2).  When the Court insisted that he answer the question.  Rodríguez simply informed the Court that he did not have the means to hire an attorney and that if the Court wanted to sentence him the Court

---

[12] Counsel Maldonado had met with the Probation Officer, the Assistant United States Attorney of the case, the case agent and reviewed the record.

was the one that gave the orders. (Sentencing Transcript 10/21/03, pp.2-3). The Court then made an extensive recount of all that had transpired between Rodriguez and his different court attorneys, and proceeded to sentence defendant.

This is a clear case in which a convicted defendant attempted to use dilatory tactics in an attempt to prevent the imposition of sentence by the Court. The right to be assisted by counsel is not to be abused by defendants. Petitioner cannot expect to threaten his attorneys and use them as revolving doors in order to manipulate the system towards his advantage.

The pattern of Rodríguez' abuse of his attorneys is evidenced thoughout the record of this case. From the very beginning, he complained of his first appointed counsel and threatened him (Crim. docket entry 71). On the first day of trial, Petitioner's attorney informed the Court of the problems he was having with Rodríguez. (T.Tr. 10/7/02, pp. 4-5).

In United States v. Thomas, 357 F.3d 357, 363 (3rd Cir. 2004), the court held that defendant forfeited his right to counsel where he threatened his attorney, was verbally abusive to him, tore up his correspondence, refused to cooperate, hung up on him during telephone calls, and attempted to force him to file frivolous claims. Petitioner engaged in similar misconduct not only with one, but with three attorneys. Rodríguez could not expect to incur in a pattern of conduct that was abusive and disrespectful toward his attorneys and had the Court continue to appoint new counsels indefinitely. Defendant was just abusing his right to counsel in an attempt to prolong the sentencing process.

Having established that the Court acted correctly in sentencing Rodríguez as a pro-se defendant, Petitioner's sixth claim of relief is DENIED.


7. Petitioner asserts a claim of actual innocence.

Rodríguez claims he is actually innocent. In support of his allegation, he claims that during the trial the jury was allowed to evaluate what he construes to be inadmissible evidence. He further contends that the evidence that was admitted at trial was legally

CIVIL 07-1029CCC                              16

insufficient to support a conviction.  Petitioner claims he has made such a showing through his § 2255 memorandum.  His allegations fail to meet the requirements of a claim of actual innocence.

A claim of actual innocence is usually defined as factual innocence, not mere legal insufficiency.  United States v. Barrett, 178 F.3d 34, 57 (1st Cir.1999).  When a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates:  (1) cause for and actual prejudice arising from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice."  Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

The fundamental miscarriage of justice exception applies only in the extremely rare and extraordinary case where the petitioner is actually innocent of the crime for which he is imprisoned.  Schilp v. Delo, 513 U.S. 298 (1995).  Such is not the case of Rodríguez.

In order to satisfy the actual innocence requirement and enable an otherwise barred constitutional claim to be considered on the merits, a petitioner "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner guilty."  Sawyer v. Whitley, 595 U.S. 333 (1992).  In the case at hand Rodríguez has not made such a showing either.

Petitioner Rodríguez has not met the requirement of a claim of actual innocence; in fact, he never actually claims his innocence.  He asserts that the evidence used against him was inadmissible.  That contention, however, fails to rise to the standard of an actual innocence claim.  Therefore, Petitioner's seventh ground for relief is hereby DENIED.

7.  Ineffective assistance of appellate counsel

Rodríguez was represented on appeal by a different counsel than his trial counsel. Petitioner alleges that his appellate counsel was ineffective because he failed to argue that the evidence to convict him rested on the made-up testimony of a co-conspirator who

received $5,000.00 dollars and immunity from state charges.  Rodríguez further alleges that his appellate counsel should have raised the issue of sufficiency of the evidence pertaining to the 18 U.S.C. §§ 921 and 924 charges.  What appellate counsel actually argued on appeal was the failure on the part of the government to prove that Rodríguez' conduct affected interstate commerce sufficiently to constitute a federal crime under the Hobbs Act.

First, it should be again clarified that the record reflects that whom Petitioner refers to as a co-conspirator was instead a cooperating witness or informant.  Second, the trial transcript previously cited indicates that the payment made to this cooperating witness was not a bribe in exchange for his testimony against Petitioner.  Once again, Petitioner is factually incorrect in his allegations and raising what constitute meritless claims of ineffective assistance of counsel.

Claims of ineffective assistance of appellate counsel are also measured under the Strickland standard.  Evitts v. Lucy, 469 U.S. 387 (1985).  Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel.  United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).  Appellate counsel is not required to raise frivolous claims, but rather selects among them to maximize the likelihood of success on the merits.  Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002).  Discarding weaker arguments on appeal and focusing on those more likely to prevail is the hallmark of appellate advocacy.  Smith v. Murray, 477 U.S. 527, 536 (1986).

To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel choose to assert. Smith v. Robbins, 528 U.S. 259, 288 (2000).  Rodríguez, however, has not even attempted to make that showing here.  Thus, we need not attempt to engage in an exercise that he himself was supposed to make but failed to do.  Petitioner having also faltered in his allegation of ineffective assistance of appellate counsel, the same is hereby DENIED.

CIVIL 07-1029CCC                              18

III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Osvaldo Rodríguez-Casiano is not entitled to relief on the claims presented in his 28 U.S.C. § 2255 motion. Accordingly, petitioner Osvaldo Rodríguez-Casiano's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (docket entry 1) is DENIED. Judgment shall be entered DISMISSING this action.

SO ORDERED.

At San Juan, Puerto Rico, on July 28, 2009.

                                                      S/CARMEN CONSUELO CEREZO
                                                      United States District Judge